Filed 10/31/24  P. v. Taylor CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>FORREST CHRISTOPHER TAYLOR,<br><br>      Defendant and Appellant. | D082410<br><br><br>(Super. Ct. No. FVI902692 ) |


APPEAL from an order of the Superior Court of San Bernardino County, John Peter Vander Feer, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, James M. Toohey and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

## I. INTRODUCTION

Forrest Christopher Taylor appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1172.6 (former

§ 1170.95).[1] He claims the trial court improperly denied as successive his petition at the prima facie stage and it failed to follow the procedural requirements under section 1172.6. Taylor further contends the jury instructions at his trial allowed a conviction based on imputed malice, and his counsel during the section 1172.6 proceeding was ineffective both for failing to raise that issue and to ensure the court complied with section 1172.6.

Independently reviewing the matter as we must (*People v. Burns* (2023) 95 Cal.App.5th 862, 866), we find Taylor ineligible for resentencing relief as a matter of law. Because the denial of his section 1172.6 petition was legally correct, we affirm it regardless of the trial court's reasoning. (*People v. Camacho* (2022) 14 Cal.5th 77, 123–124.) We therefore do not address issue preclusion or the alleged procedural deficiencies, and instead focus on Taylor's claims regarding the merits of his petition.

## II. BACKGROUND

In 2011, the Office of the San Bernardino County Attorney charged Taylor, William Anthony Jacobs, Jospeh Bowen, James Dawntay Ellis, and Sandra Marvette Smith with two counts of murder (§ 187, subd. (a)), and one count of street terrorism (§ 186.22, subd. (a)). Both murder counts included gang and firearm enhancements (§§ 186.22, subd. (b)(1), 12022.53, subds. (d), (e)(1)). The People also alleged four special circumstances for the murders: multiple murders (§ 190.2, subd. (a)(3)), lying- in-wait (§ 190.2,

---

[1]     All undesignated section references are to the Penal Code. Section 1170.95 was renumbered to section 1172.6, without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.) For clarity, we will refer to the section by its current numbering.

subd. (a)(15)), felony-murder robbery (§ 190.2, subd. (a)(17)), and criminal street gang participation (§ 190.2, subd. (a)(22)).

At his trial in 2013, the People sought to convict Taylor of first degree murder under three theories: (1) willful, deliberate, and premediated murder; (2) lying-in-wait murder; and (3) felony murder. The People alleged Ellis was the shooter, and the trial court instructed the jury that Taylor could be liable for the killing based on the former version of the felony-murder rule, the natural and probable consequences doctrine, and aiding and abetting.

The jury convicted Taylor of all three counts, finding the murder to be first degree, but without specifying the theory on which it relied.[2] The jury also found each special circumstance and enhancement true. Pursuant to the felony-murder-robbery special circumstance, the jury determined Ellis was the actual killer. By finding the lying-in-wait, criminal street gang participation, and multiple-murder special circumstances true, the jury determined Taylor acted with intent to kill. (See, e.g., *People v. Sandoval* (2015) 62 Cal.4th 394, 416.)

The trial court sentenced Taylor to 11 years for the street terrorism, plus 50 years to life for the firearm enhancements, plus two terms of life without the possibility of parole for the murder convictions. On direct appeal, we stayed the sentence for the street terrorism and struck a parole revocation fine, but otherwise affirmed the conviction. (*People v. Taylor* (Nov. 30, 2015, No. D068487 [nonpub. opn.].)

---

[2] "[I]n a prosecution for first degree murder it is not necessary that all jurors agree on one or more of several theories proposed by the prosecution; it is sufficient that each juror is convinced beyond a reasonable doubt that the defendant is guilty of first degree murder." (*People v. Milan* (1973) 9 Cal.3d 185, 195.)

On January 22, 2019, Taylor filed his first petition for resentencing under section 1172.6. The trial court denied the petition on February 21, 2020.

On August 15, 2022, Taylor filed a second section 1172.6 petition. The trial court denied that petition on April 28, 2023, finding it barred by issue preclusion. Taylor appeals from that ruling.

## III. DISCUSSION

Taylor argues he is eligible for resentencing because several of the instructions given to his jury allowed for a murder conviction based on imputed malice. He relies on the fact that the trial court instructed the jury using the no longer valid natural and probable consequence and felony-murder instructions, as well as the aiding and abetting instruction's general reference to "a crime." He also asserts the jury's findings of intent to kill were insufficient by themselves to conclusively negate his eligibility for relief.[3]

When the trial court conducts its prima facie inquiry, a relevant jury finding is not necessarily dispositive because a section 1172.6 petition puts at issue all elements of murder based on a still-valid theory. (*People v. Curiel* (2023) 15 Cal.5th 433, 462–463.) A jury finding of intent to kill only addresses one element of murder and does not by itself establish any valid

---

[3] Taylor also relies on *People v. Maldonado* (2023) 87 Cal.App.5th 1257, but that case it distinguishable because it involved *first degree* lying-in-wait murder, which does not require intent to kill. For an aider and abettor, the lying-in-wait *special circumstance* found true in this case requires an intent to kill (§ 190.2, subd. (c)). More importantly, this court has declined to follow *Maldonado* because the instructional error it identified was based on preexisting law not changed by Senate Bill No. 1437 (2017–2018 Reg. Sess.). (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 936.)

theory of liability. (*Id.* at p. 463.) As such, the trial court must look to other aspects of the record, such as additional jury findings, and compare them to the elements of murder under a current lawful theory. (*Id.* at pp. 464–465.)

One theory of liability still valid after lawmakers amended sections 188 and 189 is direct aiding and abetting of murder. (*People v. Medrano* (2021) 68 Cal.App.5th 177, 183.) "[P]roof of aider and abettor liability requires proof in three distinct areas: (a) the direct perpetrator's actus reus—a crime committed by the direct perpetrator, (b) the aider and abettor's mens rea—knowledge of the direct perpetrator's unlawful intent and an intent to assist in achieving those unlawful ends, and (c) the aider and abettor's actus reus—conduct by the aider and abettor that in fact assists the achievement of the crime." (*People v. Perez* (2005) 35 Cal.4th 1219, 1225.) Additionally, "[a] lying-in-wait special circumstance can apply to a defendant who, intending that the victim would be killed, aids and abets an intentional murder committed by means of lying in wait." (*People v. Johnson* (2016) 62 Cal.4th 600, 630.)

As noted above, Ellis was the actual killer. The trial court instructed the jury that Taylor could nonetheless be liable for murder based on the former version of the felony-murder rule, the natural and probable consequences doctrine, or aiding and abetting.

Under the felony-murder and natural and probable consequence instructions, Taylor could have been guilty of murder for killings during a robbery that were "likely to happen if nothing unusual intervene[d]," or if they were "unintentional, accidental, or negligent." As for aiding and abetting, the trial court stated, "the People must prove that: [¶] 1. The perpetrator committed the crime; [¶] 2. The defendant knew that the perpetrator intended to commit the crime; [¶] 3. Before or during the

5

commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; [¶] AND [¶] 4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime."

The trial court further instructed that for the jury to find the lying-in-wait special circumstance true, "the People must prove that: [¶] 1. The defendants intentionally killed [the victims]; [¶] AND [¶] 2. The defendants committed the murder by means of lying in wait. [¶] A person commits a murder by means of lying in wait if: [¶] 1. He or she concealed his or her purpose from the person killed; [¶] 2. He or she waited and watched for an opportunity to act; [¶] 3. Then he or she made a surprise attack on the person killed from a position of advantage; [¶]  AND [¶] 4. He or she intended to kill the person by taking the person by surprise."

Viewing these instructions together with the jury's findings shows that the jury did not rely on the derivative liability theories in the felony-murder and natural and probable consequence instructions.  By finding the lying-in-wait special circumstance true, the jury determined that Taylor "intentionally killed" the victims by "a surprise attack."[4]  The only way for the jury to reach that finding was to conclude that Taylor aided and abetted the target offenses of murder.  In other words, the jury could not have found the lying-in-wait special circumstance true unless it interpreted the "crime" in the aiding and abetting instruction to be murder.

Consequently, the jury's findings in this case went farther than the bare intent to kill found insufficient in *Curiel*.  Instead, the jury necessarily determined that Ellis committed surprise attack killings, Taylor was aware

---

4      We disagree that the lying-in-wait special circumstance instruction's use of "defendants" in the plural requires a different result as Taylor contends.

6

of Ellis's intentions and intended to help Ellis murder the victims, and Taylor assisted those crimes.  This meets the requirements of the still valid murder theory of direct aiding and abetting, precluding Taylor from relief under section 1172.6.  Because the order denying Taylor's second section 1172.6 petition is valid on this ground, we affirm it.

## IV. DISPOSITION

The order is affirmed.


RUBIN, J.

WE CONCUR:


KELETY, Acting P. J.


CASTILLO, J.

7